TOWNSHIP OF LACEY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MARY MOTT MAHR AND KARL C. MAHR, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted April 17, 1972—Decided May 10, 1972.

Before Judges CONFORD, MATTHEWS and FRITZ.

*Mr. Joel A. Mott, Jr.,* attorney for appellants.

*Mr. John F. Russo,* attorney for respondent.

PER CURIAM. Defendants are the owners of certain real property in plaintiff township on which is presently located

the remains of what was Ye Olde Greyhound Inn. The property and inn building were purchased by defendants in 1954. During 1957 the third and fourth floors of the building were damaged by fire. When these floors were removed 50 rooms were rebuilt on the first floor.

In 1967 the township amended its zoning ordinance to require a 50-foot building line setback in its highway business zone which runs along both sides of New Jersey Highway 9 as it passes through the township. Defendants' property is located in this zone. After the adoption of the zoning amendment defendants' inn became a nonconforming use because of violation of front and side yard setbacks. (The front yard encroachment exceeds 40 feet and the side yard encroachment exceeds 14 feet).

On January 10, 1968 the inn was again extensively damaged by fire. After the fire defendants attempted to restore portions of the building as living quarters for themselves. The township thereupon instituted these proceedings, contending that the destruction of the inn building was so extensive as to preclude defendants' right to restore it.

At the trial in the Chancery Division the township contended that approximately 69% of the building was totally destroyed and that approximately an additional 14% was badly gutted. Defendants contended that one-third of the structure remains. They seek to restore certain portions of this claimed one-third for residential purposes. Expert testimony was produced by both sides.

The Chancery Division judge determined that the destruction of the inn building was so extensive as to exceed "partial" destruction referred to in *N. J. S. A.* 40:55–48. Accordingly, he enjoined defendants from rebuilding any portion of the structure and directed them to demolish it. The trial judge also directed that should defendants fail to demolish the structure within 60 days of the entry of judgment, then the township would accomplish the task, adding the cost thereof to the taxes assessed on the property for the year, said amount to become a lien thereon.

In reaching his determination the trial judge properly did not rely upon the provisions of plaintiff's zoning ordinance which prohibits the rebuilding of a nonconforming structure after damage thereto exceeds 75% thereof. *H. Behlen & Bros. v. Mayor, etc., Kearny,* 31 *N. J. Super.* 30 (App. Div. 1954). Instead, as indicated, he concluded that the destruction of the building exceeded partial destruction within the meaning of *N. J. S. A.* 40:55–48, accepting the testimony of plaintiff's experts.

*N. J. S. A.* 40:55–48 permits the restoration or repair of a nonconforming use in the event of its *partial* destruction. The use of the word "partial" in the statute has created speculation as to its precise meaning. See *e. g., H. Behlen & Bros. v. Mayor, etc., Kearny, supra* at 39; *Hay v. Board of Adjustment, Ft. Lee,* 37 *N. J. Super.* 461, 465 (App. Div. 1955); *D'Agostino v. Jaguar Realty Co.,* 22 *N. J. Super.* 74, 77 (Ch. Div. 1952). We need not consider, under the facts reviewed here, whether in using the word the Legislature referred to all destruction less than total, since we are satisfied that the trial judge in accepting the testimony of the township's experts, found that the use of the building as an inn was substantially totally destroyed by the fire and therefore its destruction exceeded partial destruction within the meaning of the statute. We find his conclusions to this effect amply supported in the record.

We do not agree, however, with the trial judge's direction that the cost of demolition, if performed by the township, should be added to the taxes assessed on the property. We find nothing in the inherent power of an equity court to exercise such power, absent specific legislative grant to do so. See, *e. g., N. J. S. A.* 40:48–2.3 *et seq.,* a statute not relied upon by plaintiff in these proceedings.

We do not question the power to abate a nuisance. Certainly nuisances can be abated by an equity court upon proper complaint. The remedy used to abate, however, must not exceed what is necessary to accomplish abatement, so that no injury is done to private rights beyond that necessary

to insure abatement. *Ajamian v. North Bergen Tp.,* 103 *N. J. Super.* 61, 80 (Law Div. 1968), aff'd 107 *N. J. Super.* 175 (App. Div. 1969), *cert.* den. 398 *U. S.* 952, 90 S. Ct. 1873, 26 L. Ed. 2d 292 (1970).

As modified by this opinion, the judgment of the Chancery Division is affirmed.